UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| TRUSTEES ON BEHALF OF NORTHERN CALIFORNIA GENERAL TEAMSTERS SECURITY FUND,<br><br>Plaintiff,<br><br>v.<br><br>SVENHARD'S SWEDISH BAKERY,<br><br>Defendant. | No. 2:19-cv-02004 WBS DB<br><br>ORDER RE: MOTION TO WITHDRAW |

----oo0oo----

Plaintiff Trustees on Behalf of Northern California General Teamsters Security Fund ("the Fund") brought this action against defendant Svenhard's Swedish Bakery alleging violation of the National Labor Relations Act, 29 U.S.C. § 185, and the Employee Retirement Income Security Act, 29 U.S.C. §§ 1132 and 1145. (Compl. (Docket No. 1).) Defendant's counsel Hatmaker Law Group ("HLG") now seeks leave to withdraw as counsel for the defendant because it cannot afford to pay HLG's fees and costs. (Mot. to Withdraw at 3 (Docket No. 9).) The court held a hearing

1

| | |
|---|---|
| 1 | on the motion on December 16, 2019.  (Docket No. 15.) |
| 2 | Local Rule 182(d) says "an attorney who has appeared may |
| 3 | not withdraw leaving the client <u>in propria persona</u> without leave |
| 4 | of court."  Pursuant to Local Rule 183(a), "[a] corporation . . . |
| 5 | may appear only by an attorney."  Here, HLG's withdraw would |
| 6 | leave the defendant unrepresented and thus it would be unable to |
| 7 | "file any pleadings, make or oppose any motions, or present any |
| 8 | evidence to contest liability."  <u>Caveman Foods, LLC v. Ann</u> |
| 9 | <u>Payne's Caveman Foods, LLC</u>, 2:12-1112 WBS DAD, 2015 WL 6736801, |
| 10 | at *2 (E.D. Cal. Nov. 4, 2015) (collecting cases).  The |
| 11 | defendant's chief operations officer, David Kunkel, consented to |
| 12 | HLG's withdrawal (Consent to Mot. for Withdrawal (Docket No. 9- |
| 13 | 3)) and represented to the court at the hearing on this motion |
| 14 | that the defendant understood the consequences of withdrawal. |
| 15 | (Docket No. 15.)  Mr. Kunkel represented to the court that the |
| 16 | defendant would soon retain bankruptcy counsel, who would handle |
| 17 | future proceedings in this action.  (Docket No. 15.) |
| 18 | Pursuant to the discussion at the hearing before the |
| 19 | court on December 16, 2019, the defendant has thirty days from |
| 20 | the date of this order to retain new counsel for this case and |
| 21 | file its bankruptcy petition.  HLG shall remain on the case as |
| 22 | counsel until such time as a substitution of counsel is filed. |
| 23 | HLG may refile its motion to withdraw if the bankruptcy petition |
| 24 | is not filed within thirty days.  All discovery is STAYED in this |
| 25 | action for thirty days to allow adequate time for the defendant |
| 26 | to file its bankruptcy petition. |
| 27 | IT IS SO ORDERED. |
| 28 | Dated:  December 18, 2019 _____<br>WILLIAM B. SHUBB<br>UNITED STATES DISTRICT JUDGE |